UNITED STATES DISTRICT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16CR0246 CDP/DDN |
| | ) | |
| BENNIE SIMMS, | ) | |
| | ) | |
| DEFENDANT. | ) | |

### DEFENDANT'S OBJECTIONS TO THE
### PRESENTENCE INVESTIGATION REPORT

COMES NOW Defendant, by and through counsel, the Law Offices of Vanessa C. Antoniou, L.L.C., and hereby submits the following Objections to the Presentence Investigation Report ("PSR").

### Paragraph 34:

Defendant asserts that he should not receive a two level increase as suggested in Paragraph 34 for maintaining a premise for the purpose of manufacturing or distributing a controlled substance pursuant to USSG 2D1.1(b)(12). The parties did not stipulate to this enhancement and this increase does not indicate what premise was being utilized as a "stash house". Three locations are in question regarding the above referenced increase in Defendant's offense level. The facts are undisputed that that the following locations were involved in the instant offense; 6306 Page Avenue, 6324 Ridge Avenue and 811 Leonard Street.

Three controlled buys occurred at a residence located on 6306 Page Avenue, occurring on January 28, 2016, February 4, 2016 and April 18, 2016. Two sales occurred

on April 18, 2016 and one of the sales involved an "unknown female" who resides at the residence on Page Avenue.  The unknown female now known as Stephanie Wade rents the premise  located at 6306 Page Avenue and all utilities are in her name.  In addition, Wade was present at the time the search warrant was executed at that location.  The utilities are not in Defendant's name and he does not possess a key to the premises, rather the unit is controlled exclusively by Stephanie Wade.  The Notes to Section 2D1.1(b)(12) state that "among the factors the court should consider in determining whether the defendant "maintained" the premises are a) whether the defendant held a possessory interest (owned or rented) in the premises and  b) the extent to which the defendant controlled access or activities at the premises. Defendant did not control the premises nor does he have unfettered access to the unit.  The female controls all of the activities within the unit, including the utilities, and Defendant would go there on a social basis to visit the female and the drug transactions were secondary to him visiting the premises. This does not meet the threshold necessary for a two level enhancement.

The second location in question is 6324 Ridge Avenue which revealed two weapons, a scale and mail addressed to Simms as the result of a search warrant.  In the stipulated facts of the Plea Agreement, Defendant denied having access to that location and denied having any possessory interest in anything found at that address.

The third location is Defendant's primary residence located at 811 Leonard at which investigators discovered a weapon, one kilo of cocaine, two scales, drug paraphernalia and currency.   Defendant claimed ownership of all items located at his residence on Leonard.  Defendant resides at the residence with his wife and two children and stated to law enforcement that he possessed the firearm because he was the victim of a shooting the previous year and the firearms were for his protection.  Subsequent to his

arrest, Defendant admitted to investigators that it would take him approximately two months to distribute one kilo of cocaine.  Simms also stated that he and his wife recently purchased the home located at 811 Leonard for $110,000.00.  The monthly mortgage is $1,200.00 per month which he and wife jointly pay.  Defendant and his wife reside at the house which is primarily used for lawful purposes.  As stated in the Notes to Section 2D1.1(B)(12), distributing a controlled substance need not be the sole purpose for which the premises was maintained, *"but must be one of the defendant's primary or principal uses for the premises, rather than one of the defendant's incidental or collateral uses for the premises."*  The Notes further explain that the court should consider how frequently the premises is used by the defendant for manufacturing or distributing a controlled substance and how frequently the premises was used for lawful purposes.

In weighing whether the Defendant used his primary residence primary for lawful purposes, the Court must consider Defendant's statement to investigators that it took him nearly two months to distribute a kilo of cocaine.  The lawful daily activities which occur at the residence when raising two children and conducting Defendant's lawful home rehabilitation business far outweigh the few times his residence was used for the unlawful purpose of distributing narcotics.  Defendant did not maintain his primary residence as a "stash house" for the primary purpose of distribution, rather the illegal activity at the house was merely an incidental and collateral use of the premise.

As a result, the enhancement should not apply because the primary purpose of the residence was not for the purpose of drug distribution.

**WHEREFORE,**  for the above and foregoing reasons, Defendant respectfully requests this Court find that Defendant did not maintain a premise for the purpose of manufacturing or distributing a controlled substance and further that his offense level

should decreased to Level 25 as previously agreed to by the parties, and for such other and further relief as this Court may deem just and proper.

**Respectfully submitted,
Law Offices of Vanessa Antoniou, L.L.C.**

*/s/ Vanessa C. Antoniou*
**Vanessa C. Antoniou   #40844**
Attorney for Defendant
222 South Meramec, Ste. L2
Clayton, Missouri 63105
Phone:  (314) 725-1996
Fax:  (314)  862-5542

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Mr. Stephen Casey, Assistant United States Attorney and Ms. Jennifer Jelinski, U. S. Probation Officer, 111 South 10th Street, St. Louis, Missouri 63102 on this 22nd day of November, 2016.

*/s/ Vanessa C. Antoniou*